John G. Barisone, SBN 87831
George J. Kovacevich, SBN 48125
Caio A. Arellano, SBN 262168
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
PO BOX 481
Santa Cruz, California 95061-0481
Telephone:    (831) 423-8383
Facsimile:    (831) 576-2269

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA ex rel
JOHN G. BARISONE, CITY ATTORNEY, CITY OF SANTA CRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ex rel JOHN G. BARISONE, CITY ATTORNEY, CITY OF SANTA CRUZ<br><br>Plaintiff,<br>vs.<br><br>STEVE PLEICH, OCCUPY SANTA CRUZ, and DOES 1-100.<br><br>Defendants. | **Case No. CV-11-05523 HRL**<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES**<br><br>Date:     January 3, 2012<br>Time:    10:00 a.m.<br>Judge:   Hon. Howard R. Lloyd<br>Location: Ctrm. 2, 5th Fl., San Jose |

## NOTICE OF MOTION AND MOTION TO REMAND

PLEASE TAKE NOTICE that on January 3, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 5th Floor, before the Honorable Howard R. Lloyd of the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Plaintiff The People of the State of California ex rel. John G. Barisone, City Attorney, City of Santa Cruz will move to remand the above-captioned matter to the Superior Court of California, County of Santa Cruz.

This motion is made on the grounds that: Defendants' Notice of Removal is defective on its face and removal is improper for lack of subject matter jurisdiction, and is based upon this Notice of Motion and Motion; the Memorandum of Supporting Points and Authorities; the Declaration of Caio A.

Arellano; all of the pleadings and papers on file in this matter; and on oral or documentary evidence that may be presented at the hearing at the request of the Court. Pursuant to Local Rule 7-2(c) a proposed order is filed concurrently with this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

### A. Statement of Facts

On October 5, 2011, a group of individuals, in solidarity with the "Occupy Wall Street" protest taking place in New York City, commenced a demonstration known as "Occupy Santa Cruz" in San Lorenzo Park in the City of Santa Cruz. On or about October 6, 2011, Occupy Santa Cruz participants established a campsite in the Benchlands area of San Lorenzo Park and since that time, have maintained the encampment on an illegal, 24-hour per day, 7-day per week basis. Declaration of Caio A. Arellano In Support of Motion to Remand ("Arellano Dec.") ¶ 5a-5b. By the end of October, the encampment had grown to more than 75 tents and related structures, appropriating approximately 20% of the grounds in the Benchlands area. Arellano Dec. ¶ 5b.  The scale, intensity, and duration of the Occupy Santa Cruz encampment have overwhelmed the Park's restroom and garbage facilities, resulting in rampant public defecation, urination, and litter. Arellano Dec. ¶ 5c.  City of Santa Cruz staff has also observed numerous individuals smoking and consuming alcohol in the Park, in violation of park regulations and the Santa Cruz Municipal Code. *Id.*

On November 4, 2011, the City of Santa Cruz issued a "Non-commercial Permit and Conditions of Use" ("Permit") to Defendant Occupy Santa Cruz and delivered the permit to Defendant and Occupy Santa Cruz spokesman Steve Pleich with a cover letter from the Santa Cruz City Manager. Arellano Dec. ¶ 5d. Under the Permit, Occupy Santa Cruz could continue the demonstration until 12:00pm on November 16, 2011 subject to a set of 17 conditions, requiring, for example: that Occupy Santa Cruz obey all applicable laws and ordinances, obtain portable toilets and garbage/recycling bins to support their encampment, refrain from smoking or consuming alcohol or illicit drugs, and ensure that pathways and access to the Park remain unobstructed to non-participants in Occupy Santa Cruz. *Id.*

The City Manager's letter explained that the Permit was issued in an effort to mitigate the unsanitary conditions created as a result of the continuous residential occupation, as well as to ensure the safety and availability of park facilities to City residents and visitors who are not affiliated with Occupy Santa Cruz and to preserve and maintain the Park's landscaping, vegetation, and other facilities. Arellano Dec. ¶ 5e.

In the days following the issuance of the Permit, Defendants made no effort to comply with the conditions set forth therein, and through numerous statements to the media and Santa Cruz City Council, stated that they did not intend to comply with the Permit conditions. Arellano Dec. ¶ 5f.

In response, Plaintiff initiated a civil nuisance abatement action pursuant to section 731 of the California Code of Civil Procedure and Section 4.04.040 of the Santa Cruz Municipal Code. Arellano Dec. ¶ 4.

Section 731 of the California Code of Civil Procedure provides, in pertinent part:

> A civil action may be brought in the name of the people of the State of California to abate a public nuisance, as the same is defined in section thirty-four hundred and eighty of the Civil Code…by the city attorney of any town or city in which such nuisance exists…and such…city attorney…must bring such action whenever directed by…the legislative authority of such town or city.

Cal. Code Civ. Pro. § 731 (LEXIS 2011). Similarly, Section 4.04.040 of the Santa Cruz Municipal Code provides:

> Pursuant to California Penal Code Section 372, and California Code of Civil Procedure Section 731 the city has the authority to judicially abate public nuisances by filing criminal or civil nuisance actions.

Santa Cruz, Cal., Municipal Code sec. 4.04.040 (2000) [1].

**B. Procedural Background**

On November 10, 2011 Plaintiff filed its Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction to Abate Public Nuisance ("Complaint") pursuant to Sections 731 and 526 of the California Code of Civil Procedure in the Civil Division in the Superior Court of California, County of Santa Cruz, Civil Division ("Superior Court"). Arellano Dec. ¶ 3. At the

---

[1] Santa Cruz Municipal Code section 4.04.040, "Judicial Abatement" provides "Pursuant to California Penal Code Section 372, and California Code of Civil Procedure Section 731 the city has the authority to judicially abate public nuisances by filing criminal or civil nuisance actions.

time of filing, Plaintiff also applied ex parte for, and the Superior Court granted, an Order Shortening Time on a Hearing on an Order to Show Cause Regarding its Application for Temporary Restraining Order/Preliminary Injunction. Arellano Dec. ¶ 6. Later the same day, Defendant Occupy Santa Cruz and Defendant Steve Pleich were personally served with a summons and all pleadings filed in the Civil Nuisance Action. Arellano Dec. ¶ 8. Defendants did not appear or otherwise oppose Plaintiff's ex parte application and the Superior Court set the hearing for November 16, 2011. Arellano Dec. ¶ 7.

On November 15, 2011, Defendant Occupy Santa Cruz, through its attorney, filed a Notice of Removal in this Court. Notice of Removal, ECF Dkt. No. 1. Defendant Steve Pleich joined in the Notice of Removal. *See*, Id. at ¶ 10; Notice of Joinder, ECF Dkt. No. 3. Defendants attached only a copy of the Civil Nuisance Action and Summons as Exhibits A and B, respectively, to their Notice of Removal. Notice of Removal ¶ 1, ECF Dkt. No. 1.

## II. ARGUMENT

Plaintiff respectfully submits that this action is properly remanded to the Superior Court of California, County of Santa Cruz on the grounds that Defendant's Notice of Removal is defective on its face and furthermore, removal is improper for lack of subject matter jurisdiction.

### A. Remand is appropriate because Defendants' Notice of Removal is defective on its face.

The procedure for removing a civil action from state to federal court is set forth in Title 28, Section 1446 of the United States Code, which states:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

28 U.S.C.S. § 1446(a) (2011) (emphasis added). As evidenced by this Court's docket, Defendants filed only two documents from the Superior Court action in addition to their Notice of Removal: the Complaint and the Summons for Defendant Steve Pleich. Notice of Removal, ECF Dkt. Nos. 1-1 and 1-2, respectively. Defendants failed to include a number of additional pleadings and an order issued by the Superior Court in the state court action. The pleadings, orders, and other papers omitted by Defendants in filing their Notice of Removal include:

1. Summons for defendant Occupy Santa Cruz;

2. Plaintiff's Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order and Preliminary Injunction;

3. Declaration of D. Shoemaker in Support of Temporary Restraining Order/Preliminary Injunction Application;

4. Exhibits A, B, and C to the Declaration of D. Shoemaker (which include color photographs depicting the nuisance conditions in the encampment);

5. Plaintiff's Ex Parte Application for Order Shortening Time on Hearing on Order to Show Cause Regarding Application for Temporary Restraining Order/Preliminary Injunction; and

6. Order on Ex Parte Application by Plaintiff signed by the Hon. Timothy R. Volkmann, Judge of the Superior Court of California.

The above-enumerated documents, and each of them, consist of either process, pleadings, or orders, and all were personally served on Defendants on November 10, 2011. *See*, Arellano Dec. ¶ 8-9; Arellano Dec., Exhibit A. The statute governing removal procedure plainly requires Defendants to include copies of each with their Notice of Removal, and Defendants' failure to do so renders their Notice of Removal facially defective. 28 U.S.C.S. § 1446(a) (Lexis 2011).

**B. Remand is appropriate because Plaintiff's civil action for abatement of public nuisance is not founded on a federal question.**

In addition to the procedural defect above, Defendants' Notice of Removal contains a more fundamental, and ultimately, fatal flaw: Plaintiff's civil action to abate a public nuisance is not founded on a federal question, and therefore this Court should remand the action to the Superior Court based on a lack of subject matter jurisdiction.

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.S. § 1331 (Lexis 2011). Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. 28 U.S.C.S. § 1441(b) (Lexis 2011). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C.S. §

1447(c) (Lexis 2011). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

Despite Defendants' assertions to the contrary, Plaintiff's civil action to abate a public nuisance does not arise under the Constitution of the United States. Notice of Removal 2:6-8. The substance of a Plaintiff's complaint determines whether an action arises under federal law for removal purposes. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

Here, Plaintiff brought its action pursuant to section 731 of the California Code of Civil Procedure and the Santa Cruz Municipal Code, which confer authority on the City Attorney to bring a civil action to abate a public nuisance. Cal. Code Civ. Pro. § 731 (2011); Santa Cruz, Cal., Municipal Code sec. 4.04.040 (2000). The public nuisance conditions alleged by Plaintiff are grounded in the definitions of public nuisance set forth in sections 3479 and 3480 of the California Civil Code and the Santa Cruz Municipal Code. Cal. Civ. Code §§ 3479-3480; Santa Cruz, Cal., Municipal Code sec. 6.36.060 (1994)[2]. Plaintiff's complaint for injunctive relief relies exclusively on state and local law. Accordingly, there is no federal question at issue on the face of the complaint and this Court should not have original jurisdiction over this action. *See*, e.g. *State of Ohio ex rel Ney v. P J C, Inc.*, 592 F. Supp 28, 29 (S.D. Ohio 1984) (granting motion to remand civil nuisance action to Ohio state court).

Nor does the prospect that an action will be defended on Constitutional grounds establish federal question jurisdiction. Defendants assert that their right to free expression under the First Amendment and their right to sleep under the Ninth Amendment create "substantial" federal questions to be resolved in the case. Notice of Removal 3:12-18. As a preliminary matter, Plaintiff notes that the Supreme Court of the United States has already addressed, and rejected, the First Amendment challenge contemplated by Defendant. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). In *Clark*, the Supreme Court upheld a no-camping regulation enacted by the National Park Service for Lafayette Park and the National Mall in Washington, D.C.

---

[2] Santa Cruz Municipal Code section 6.36.060, "Public Nuisance Declared" provides "Any campsite established in the city in violation of this chapter is declared to be a public nuisance, and the chief of police, after consultation with appropriate city officials and upon a determination that such a campsite constitutes an immediate threat to the health, safety or welfare of persons in the city, including persons using the campsite, is authorized and empowered to remove any such campsite forthwith. If persons are occupying the campsite at the time, then before removing the campsite, the chief of police, or the officer designated by the chief, shall warn the person or persons occupying the campsite that they are in violation of this chapter and shall give them the opportunity to remove the campsite forthwith."

-6-
MOTION TO REMAND; MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES        Case No. CV-11-05523 HRL

> In the first place, we seriously doubt that the First Amendment requires the Park Service to permit a demonstration in Lafayette Park and the Mall involving a 24-hour vigil and the erection of tents to accommodate 150 people… [i]f the Government has a legitimate interest in ensuring that the National Parks are adequately protected, which we think it has, and if the parks would be more exposed to harm without the sleeping prohibition than with it, the ban is safe from invalidation under the First Amendment as a reasonable regulation of the manner in which a demonstration may be carried out.

*Id.* at 296-297. See also, *Stone v. Agnos, et al.*, 960 F. 2d 893 (9th Cir. 1992)

However, even assuming the merit of these Constitutional issues, they are immaterial for the purposes of analyzing removal jurisdiction. A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. *Rivet,* 522 U.S. at 475 (internal citation omitted).

Title 28, section 1441 of the United State Code provides for removal of "any civil action brought in a state court of which the District Courts of the United States have original jurisdiction." 28 U.S.C.S. § 1441 (Lexis 2011). This action was brought pursuant to section 731 of California Code of Civil Procedure and the Santa Cruz Municipal Code, and is therefore not an action over which this Court would have original jurisdiction.

### III. CONCLUSION

Under the statutory provisions governing removal of an action to a district, this Court has an obligation to remand the action if, *at any time* before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C.S. § 1447(c) (Lexis 2011). In light of the foregoing, the Court is authorized to remand this case sua sponte to the Superior Court of California, County of Santa Cruz. Plaintiff submits that in light of the patently baseless removal of this case by Defendants, as explained above, and the fact that an imminent hazard to public safety in the City of Santa Cruz will intensify each day a hearing on the merits of the subject public nuisance complaint is delayed, this case is particularly suitable for this Court's prompt sua sponte remand to the Superior Court.

///

///

///

Assuming this Court does not remand the action sua sponte, Plaintiff requests that this Court remand the action to the Superior Court following hearing on this motion.

                                    ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated:  November 21, 2011        By:_____/s/_____
                                                 CAIO A. ARELLANO
                                                 Attorneys for Plaintiff, the People of the State of California ex rel John G. Barisone, City Attorney, City of Santa Cruz.