ED FREY (SBN 42814)
4630 Soquel Dr., Ste. 12
Soquel, CA 95073
(831)479-8911
Fax (831)479-8174

Attorney for Occupy Santa Cruz

**FILED**

DEC 0 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ex rel JOHN G. BARISONE, CITY ATTORNEY, CITY OF SANTA CRUZ,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVE PLEICH, OCCUPY SANTA CRUZ, and DOES 1-100,<br><br>    Defendants. | Case No. CV-11-05523 HRL<br><br>ANSWER AND COUNTERCLAIM BY DEFENDANT OCCUPY SANTA CRUZ |

OCCUPY SANTA CRUZ, an unincorporated association having its principal place of operation in the City of Santa Cruz, County of Santa Cruz, State of California, answers the Complaint herein as follows:

1. As to paragraph 1, Occupy Santa Cruz ("Occupy") admits the allegations therein.

2. As to paragraph 2, Occupy denies that San Lorenzo Park ("park") is owned by the entity called "City of Santa Cruz"; it is owned by all people in the City of Santa Cruz.

3. As to paragraph 3, Occupy lacks sufficient knowledge or information to form a belief as to the truth of the allega-

tions contained therein, and thus denies each one.

4. As to paragraph 4, Occupy admits the allegations thereof.

5. As to paragraph 5, Occupy lacks sufficient knowledge or information to form a belief as to the truth of the allegations thereof, and thus denies each one.

6. As to paragraph 6, Occupy lacks sufficient knowledge or information to form a belief as to the truth of the allegations thereof, and thus denies each one.

7. As to paragraph 7, Occupy admits the allegations thereof.

8. As to paragraph 8, Occupy denies all allegations thereof.

9. As to paragraph 9, Occupy denies all allegations thereof.

10. As to paragraph 10, Occupy denies all allegations thereof.

11. As to paragraph 11, Occupy denies all allegations thereof.

12. As to paragraph 12, Occupy admits that the City of Santa Cruz issued a permit, but denies that Occupy applied for any permit, and further, denies the creation or existence of any unsanitary conditions. Occupy lacks sufficient knowledge or information to form a belief as to the truth of all other allegations therein, and thus denies each one.

13. As to paragraph 13, Occupy lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and thus denies each one.

14. As to paragraph 14, Occupy denies that the City's objective was to prevent health and safety hazards or illegal uses and activities. The term "City" as used herein refers to the City of Santa Cruz. Such accusations are made merely as false pretext to justify the request for injunctive relief.

15. As to paragraph 15, Occupy denies all allegations therein.

16. As to paragraph 16, Occupy denies all allegations therein.

17. As to paragraph 17, Occupy denies that any of its members created or maintained any damage or nuisance conditions, admits that the City's November 4, 2011 notice demanded that Occupy remove all structures by November 16, 2011, denies that there is or was any need to clean up and sanitize the portion of the park it occupies, denies that park vegetation has been damaged or destroyed, and lacks sufficient knowledge or information to form any belief concerning any statement(s) to the media and to the Santa Cruz City Council, other than a written response it made to the City concerning the unrequested permit.

18. As to paragraph 18, Occupy denies all allegations therein.

19. As to paragraph 19, Occupy denies the existence of any necessity for Plaintiff to commence any suits at law or equity, and denies the existence of any unsanitary conditions or public safety hazards in the park.

20. As to Paragraph 20, Occupy denies that Plaintiff will suffer any injury from its course of conduct, but on the contrary will be benefitted in many ways.

3

21. As to paragraph 21, Occupy denies that Plaintiff has any need for any remedy, and admits that <u>California Code of Civil Procedure</u> sections cited therein by Plaintiff authorize the issuance of injunctive relief.

## OCCUPY'S AFFIRMATIVE DEFENSES

<u>1st Affirmative Defense</u>: Occupy's protest activities, including but not limited to its expressions of protest and the encampment, are protected by the First Amendment to the United States Constitution. Further, Plaintiff's attempted restrictions as to time, place and manner are not reasonable under the circumstances.

<u>2nd Affirmative Defense</u>: Occupy's encampment activities, including especially the act of sleeping, are protected by the Ninth and Fourteenth Amendments Amendments to the United States Constitution, particularly in view of (a) the fact that, as stated in <u>In Re Eichorn</u> (1998) 69 Cal.App. 4th 382, 389: "Sleep is a physiological need, not an option for humans. It is common knowledge that loss of sleep produces a host of physical and mental problems ...", and (b) the Plaintiff refuses to provide or designate any space anywhere in the City for sleeping for those who lack a private property right granting such space.

<u>3rd Affirmative Defense</u>: The Plaintiff's attempted nuisance and camping bans are overbroad in that they prohibit all symbolic expression of protest.

<u>4th Affirmative Defense</u>: Plaintiff lacks any compelling or substantive interest in the eviction of Occupy from the park.

<u>5th Affirmative Defense</u>: The wording of Plaintiff's

4

anti-camping ordinances and of the statutes concerning public nuisance are so vague that they violate the due process standards set out in the 14th Amendment to the United States Constitution, and leave citizens confused as to what is legally permitted and what is not permitted. Further, they leave police free to enforce said laws in arbitrary and capricious ways.

6th Affirmative Defense: Plaintiff's goal of depriving Occupy members of the right to protest and sleep on publicly-owned land violates the dominant international standards of humane treatment and punishment of people, including but not limited to those standards set out in the Universal Declaration of Human Rights, the United Nations Charter, and the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Such standards must be honored by American courts, as stated in Graham v. Florida 560 U.S. ___, 176 L.Ed.2d 825, 848-850 (2010)

7th Affirmative Defense: Plaintiff's attempt to evict Occupy violate the injunction against the imposition of cruel and unusual punishment set out in the 8th Amendment to the United States Constitution.

8th Affirmative Defense: Plaintiff's attempt to evict Occupy violates the injunction against unreasonable search and seizure set out in the 4th Amendment to the United States Constitution.

WHEREFORE, Occupy prays for:

A. Judgment in its favor and dismissal of all claims asserted against it herein;

B. Costs of suit and attorney fees.

C. Such other and further relief as the Court deems just.

Dated: December 1, 2011

_Ed Frey_
Ed Frey, Attorney for OCCUPY SANTA CRUZ

## COUNTERCLAIM BY OCCUPY SANTA CRUZ

Occupy Santa Cruz ("Occupy") asserts the following facts constituting its Counterclaim against Plaintiff:

1. Counterclaimant Occupy is an unincorporated association affiliated with a world-wide movement seeking peace, human dignity and social/economic justice.

2. Occupy refers to and incorporates herein all allegations and arguments set out in its Answer above.

3. Plaintiff's accusations of alleged misbehavior and unsanitary practices are false and constitute a mere sham and false pretext for purposes of this litigation.

4. The Plaintiff has a long and sordid history of consistently depriving homeless and other people of their right to sleep by aggressive enforcement of their "Camping Ban" without having first sought judicial approval. If Plaintiff were genuinely concerned about the existence of alleged nuisance-type conditions, they would have carried out such enforcement without seeking the political cover that judicial approval would impart.

5. Occupy's activities in San Lorenzo Park ("park") and adjacent County of Santa Cruz property (also owned by the public) are being conducted in order to seek redress of grievances from government and corporate repression and suppression of basic

6

human rights and needs visited upon people here and all across the globe, including but not limited to cruel, vicious, unjustified warfare, gross maldistribution of wealth and income, deprivation of education, housing, healthcare, clean water and a healthy living environment.

6. Plaintiff is attempting to cut short Occupy's symbolic and expressive conduct by insisting that such conduct come to an abrupt and absolute halt on November 16, 2011, despite the lack of any compelling governmental interest to justify such cessation, all in violation of Occupy's rights as set out in its Answer above, all of which are incorporated herein by reference.

7. Occupy has no plain speedy or adequate remedy at law against Plaintiff's actions and intentions to evict all its members from the park.

8. An actual controversy exists between Plaintiff and Occupy in that its respective claims directly clash with and conflict with each other.

9 The encampment by members of Occupy covers approximately 5% to 8% of the entire park acreage, and is located in an area of the park that is almost never used by anyone for any purpose.

WHEREFORE, Occupy prays for the following affirmative relief:

A. All injunctive relief prohibiting Plaintiff from seeking by any means to prevent Occupy from continuing with its operations in the park.

B. A declaration by this Court that the ordinances and statutes cited by Plaintiff to justify the relief it seeks

7

are constitutionally invalid on their face and as applied to the members of Occupy Santa Cruz.

C. Costs of suit and attorney fees.

D. Such other relief as the Court deems meet and just in the premises.

Dated: December 1, 2011

_____
Ed Frey, Attorney for OCCUPY SANTA CRUZ

PROOF OF SERVICE BY MAIL

I, Ed Frey, declare the following:

I am over the age of eighteen years, and am not a party to the within action. On Dec. 1, 2011 I served a true copy of the Answer and Counterclaim by Defendant Occupy Santa Cruz

by depositing it in a sealed envelope with postage prepaid in the United States Mail, addressed as follows:

Caio Arellano, Esq.
Office of City Attorney for Santa Cruz

333 Church St.
Santa Cruz, CA 95060

At the time of service I was a citizen of the United States, and conducted business at 4630 Soquel Dr., Ste12, Soquel, CA 95073

Executed on Dec. 1, 2011 , at Soquel, CA.

I declare the above to be true under penalty of perjury.

_Ed Frey_